## Kenosky v. Yesu

*R. Kenowski,* for plaintiff.

*Ernest Gazda,* for defendant.

HOBAN, P. J., December 27, 1957.—Plaintiff filed a mechanic's lien against the Yesus, contractors and

builders, and Dombroski, owner of the premises, for the construction of which plaintiff had furnished materials. Apparently the Yesus had owned the property and proceeded to construct a building thereon and then sold to Dombroski. The mechanic's lien was filed after the sale to Dombroski and the validity of the lien is not challenged in any way in this proceeding.

Plaintiff filed his notice and affidavit for sci. fa. sur mechanic's lien; the sci. fa. issued; the Yesus did not file an affidavit of defense, but Dombroski filed an affidavit of defense, which in essence amounts to a statement that he has a claim against the Yesus for imperfect workmanship and that the Yesus are financially able to pay plaintiff's bill, which had been contracted for by them, and that it would be inequitable under the circumstances to enforce the lien against Dombroski. The difficulty with Dombroski's position is that the Mechanic's Lien Act of June 4, 1901, P. L. 431, is a statutory remedy for the protection of the materialman, among others, and by way of an action in rem secures to him out of the property the payment of his claim. We find no authority, nor has counsel furnished us any, which authorizes us to stay the action by a person entitled to enforce it because of a dispute between defendants as to who should pay the bill. Accordingly we must hold that the affidavit of defense is insufficient to prevent judgment.

Now, December 27, 1957, judgment is directed to be entered in favor of plaintiff and against defendant, John J. Dombroski, in the above captioned action for want of a sufficient affidavit of defense.